in the record. These in turn furnish full support to the order denying the motion, and the order appealed from is affirmed

---

Fred U. Reel, Washington, D. C. (Theophil C. Kammholz, General Counsel, David P. Findling, Associate General Counsel, Marcel-Mallet Prevost, Asst. General Counsel, National Labor Relations Board, Washington, D. C., on the brief), for petitioner.

Sherman T. Rock, Pittsburgh, Pa. (Paul, Lawrence & Rock, Pittsburgh, Pa., on the brief), for respondents.

Before GOODRICH, KALODNER and HASTIE, Circuit Judges.

## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## David G. LEACH and Doyle H. Wallace, Doing Business as Brookville Glove Company, Respondents.

### No. 11877.

United States Court of Appeals
Third Circuit.

Argued June 7, 1956.

Decided June 18, 1956.

**PER CURIAM.**

This is a petition for enforcement of an order of the National Labor Relations Board. One of the points in the case was the legality of a strike by employees who sought recognition of a Union which had not filed the required affidavits. This point disappears in view of the Supreme Court decision in United Mine Workers of America v. Arkansas Oak Flooring Co., 1956, 351 U.S. 62, 76 S.Ct. 559.

During the course of the strike the company sent out a letter to its employees stating:

"\* \* \* we will welcome you back to your job providing you return by 6:50 A.M. on Thursday, September 17th. After That Date You Will No Longer Be Considered An Employee. [Capitals in original.]"

This was followed up three days later by a notification to all who were still on strike that "we are sending you as an enclosure the customary termination notice. Your name has been removed from the payroll \* \* \*." The sig-

nificance of such a letter has already been settled in this Court. National Labor Relations Board v. Beaver Meadow Creamery, Inc., 3 Cir., 1954, 215 F.2d 247. See also National Labor Relations Board v. United States Cold Storage Corp., 5 Cir., 1953, 203 F.2d 924, certiorari denied Oct. 12, 1953, 346 U.S. 818, 74 S.Ct. 30, 98 L.Ed. 344.

While the trial examiner recommended a back pay order from the time of the notification just quoted, the Board made back pay orders effective as of the date when the strike ended.

There are no new legal points involved in the case. The Board was correct in its law and sustained in its facts by the record. The petition for enforcement will be granted.